IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Rolf Kamp,<br><br>        Plaintiff,<br><br>vs.<br><br>Empire Fire and Marine Insurance Company,<br><br>        Defendant. | C/A No. 3:12-cv-904-JFA<br><br><br><br>**ORDER ON<br>MOTION FOR<br>RECONSIDERATION** |

This matter comes before the court on Plaintiff Rolf Kamp's motion requesting the court to reconsider its Order on the parties' cross motions for summary judgment. *See* ECF Nos. 37, 39. The court has reviewed the parties' briefs and the record in this case, and, for the reasons that follow, the motion is denied.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation and internal quotation marks omitted). Moreover, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted).

The Fourth Circuit has held that a court should grant a motion to reconsider for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence;

1

or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Kamp asserts that the third of these grounds is applicable in this case. In particular, he argues that, in finding that the Supplemental Policy unambiguously excludes uninsured motorist (UM) coverage, this court did not indicate in its Order that it applied the North Carolina rule of insurance contract construction that policy exclusions are to be strictly construed so as to provide coverage that would otherwise be afforded by the policy. *See, e.g.*, *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 172 S.E.2d 518, 522–23 (N.C. 1970). Kamp contends that this court's decision relied on an exclusion in the Supplemental policy providing that coverage does not apply to "[l]iability arising out of or benefits payable under any uninsured or underinsured motorists law, in any state." According to Kamp, had this court applied the correct North Carolina law and construed this exclusion narrowly, it would not have concluded that the Supplemental Policy unambiguously excludes coverage.

In particular, Kamp again points to the Declarations of the Supplemental Policy, which list a $1,000,000 limit of liability for "Uninsured/Underinsured Motorist Coverage." He argues that this "call[s] into question the exclusion" in the policy. He then makes the new argument, not advanced in any of the briefing on the parties' motions for summary judgment, that the exclusion does not exclude UM coverage arising from the language of the policy, but rather only UM coverage arising out of state law. Finally, he argues that even if the exclusion could be construed as barring UM coverage, the policy Declarations and "other factors" support a construction in favor of coverage.

Kamp states that "the Court was required by the substantive law governing this case to choose the construction of the Supplemental Policy that is most favorable to the insured." This

broad statement is not correct. According to the North Carolina Supreme Court, the rule that Kamp argues this court failed to apply is "[s]ubject to" the following principles of construction:

> The words used in the policy having been selected by the insurance company, any ambiguity or uncertainty as to their meaning must be resolved in favor of the policyholder, or the beneficiary, and against the company. *However, ambiguity in the terms of an insurance policy is not established by the mere fact that the plaintiff makes a claim based upon a construction of its language which the company asserts is not its meaning. No ambiguity, calling the above rule of construction into play, exists unless, in the opinion of the court, the language of the policy is fairly and reasonably susceptible to either of the constructions for which the parties contend. If it is not, the court must enforce the contract as the parties have made it and may not, under the guise of interpreting an ambiguous provision, remake the contract and impose liability upon the company which it did not assume and for which the policyholder did not pay.*
> As in other contracts, the objective of construction of terms in the insurance policy is to arrive at the insurance coverage intended by the parties when the policy was issued.

*Id.* at 522 (emphasis added). Thus, although it is true that North Carolina law requires the court to construe any ambiguities in favor of Kamp and against the defendant, the court found the Supplemental Policy to be unambiguous in its exclusion of coverage. Further, although the court is aware that it must construe exclusions narrowly,[1] it must also give effect to the unambiguous contract as written.

In his motion, Kamp focuses on the exclusion and the policy Declarations, but this court construed the entire policy as a whole. Kamp fails to mention that the exclusion was not the only provision the court relied upon in finding that the Supplemental Policy unambiguously excludes UM coverage. *See* ECF No. 37, at 9–11. Further, the court in fact already addressed Kamp's new argument in its Order. Kamp's new argument assumes that the $1,000,000 UM liability limit listed on the Declarations page applies to every state in which the Supplemental Policy is

---

[1] Notably, North Carolina's law on this point appears to be no different than South Carolina's, with which this court is very familiar. *See, e.g.*, *McPherson v. Mich. Mut. Ins. Co.*, 426 S.E.2d 770, 771 (S.C. 1993) (noting that "rules of construction require clauses of exclusion to be narrowly interpreted, and clauses of inclusion to be broadly construed").

3

active, but as the court explained, the liability limit only applies to the six states that actually require UM coverage to be offered in connection with an excess liability policy.  In other words, even if Kamp were correct that the exclusion does not apply to UM coverage provided in the policy, it is not the case that the Declarations grant $1,000,000 in UM coverage to North Carolina policyholders, as Kamp continues to assert.  Thus, there is no conflict between the Declarations and the policy provisions.

Based on the above, the court finds Kamp's motion to reconsider to be without merit. The court's construction of the Supplemental Policy is in accordance with North Carolina law, and thus its Order on the parties' motions for summary judgment does not contain a clear error of law or present a situation of manifest injustice.  Kamp's motion is hereby denied.

IT IS SO ORDERED.

April 11, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge